UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL R. SCHMIDT, *et al.*, | : | Case No. 1:13-cv-932 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, | : | |
| Defendant. | : | |

**ORDER DENYING PLAINTIFFS' MOTION TO AMEND
THE SUMMARY JUDGMENT DECISION (Doc. 19) AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
ON COUNT THREE OF THE COMPLAINT (Doc. 20)**

This civil action is before the Court on Plaintiffs' motion to amend the summary judgment decision (Doc. 19), Defendant's motion for summary judgment on Count Three of the complaint (Doc. 20), and the parties' responsive memoranda (Docs. 21, 23, 24).

### I.  BACKGROUND

Plaintiffs Michael R. Schmidt and Cohen, Todd, Kite & Stanford LLC ("CTKS") allege that Defendant Travelers Indemnity Company of America ("Travelers") breached the parties' contract and acted in bad faith when it refused to indemnify Plaintiff CTKS pursuant to an insurance policy. (*See* Doc. 1 at ¶¶ 34–47). Count One of Plaintiffs' complaint sets forth a breach of contract claim; Count Two sets forth declaratory judgment claim; and Count Three sets forth a bad faith claim. (*Id.*) The Court bifurcated the coverage and bad faith issues. (*See* March 12, 2014 Minute Entry and Notation Order).

Plaintiffs and Defendant filed cross-motions for partial summary judgment on the coverage issue. (Docs. 8, 9). The Court concluded that Plaintiffs' claimed losses were not covered under the policy, and granted summary judgment in Defendant's favor as to Counts One and Two of Plaintiffs' complaint. (Doc. 18 at 22).

Plaintiffs disagree with the Court's coverage ruling and seek to appeal the decision immediately. Accordingly, Plaintiffs moved for an order amending the summary judgment decision to include language indicating that that there is no just reason to delay entering judgment as to Counts One and Two and directing entry of final judgment as to the same. (Doc. 19). Subsequently, Defendant moved for summary judgment on Count Three. (Doc. 20). These motions are now ripe for the Court's review.

II.     **PLAINTIFFS' MOTION TO AMEND THE JUDGMENT (Doc. 19)**

A.     **Standard Of Review**

Federal Rule of Civil Procedure 54(b) states, in relevant part, that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986).

Certification pursuant to Rule 54(b) requires two independent findings. First, the Court must expressly "direct entry of a final judgment as to one or more, but fewer than all, claims[.]" Fed. R. Civ. P. 54(b). Second, the Court must "expressly determine [ ]

that there is no just reason for delay" of appellate review. *Id.* When a district court finds that certification of an order under Rule 54(b) is appropriate, it "must clearly explain why it has concluded that immediate review of the challenged ruling is desirable." *Gen. Acquisition v. Gencorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994).

**B.     Analysis**

The first step in Rule 54(b) certification, the entry of a partial final judgment, is appropriate where some decision made by the district court ultimately disposes of one or more, but fewer than all of the claims. This Court granted summary judgment in favor of Defendant on Plaintiffs' breach of contract and declaratory judgment claims. (Doc. 18 at 22). Only Plaintiffs' bad faith claim remains pending. Accordingly, it is permissible for the Court to direct the entry of final judgment as to Counts One and Two of Plaintiffs' complaint.

As to the second step for Rule 54(b) certification, the Sixth Circuit has articulated a non-exhaustive list of factors for the district court to consider in determining whether there is no "just reason for delay":

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Corrosioneering*, 807 F.2d at 1283.

3

In support of their motion, Plaintiffs explain that they seek to immediately appeal the Court's coverage decision without further expenditure of time by the Court or by the parties. However, there *is* just reason to delay entering a final judgment as to *less than all* of the claims asserted: to wit, Defendant has demonstrated that it is entitled to summary judgment on Plaintiffs' remaining claim. *See* Part III, *infra.*

### III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 20)[1]

Defendant seeks summary judgment as to Count Three of Plaintiffs' complaint. Therein, Plaintiffs allege that "Travelers' failure and refusal to indemnify CTKS for the loss is not predicated upon circumstances that furnish reasonable justification therefor" and "Travelers' refusal to indemnify CTKS for the loss is in bad faith and violates Travelers' duty of good faith and fair dealing toward CTKS." (Doc. 1 at ¶¶ 44, 45).

**A. Standard Of Review**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[1] Pursuant to this Court's standing order governing civil motions for summary judgment, movants are required to file a document entitled "Proposed Undisputed Facts" which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. *See* http://www.ohsd.uscourts.gov/FPBlack. Defendant did not file such a document. Given the procedural posture of this case, the Court presumes that Defendant did not wish to propose any additional undisputed facts (*i.e.,* beyond those set forth in the Court's Order on the parties' cross-motions for partial summary judgment (Doc. 18 at 2–8)).

242, 247-48 (1986).  The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action.  *Celotex*, 477 U.S. at 323.  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248 (1986).

**B. Analysis**

Ohio law governs the parties' dispute.  (*See* Doc. 18 at 9).  An insurer has a duty to act in good faith in the processing and payment of the claims of its insured, and a breach of this duty gives rise to a cause of action in tort for "bad faith."  *Staff Builders, Inc. v. Armstrong*, 37 Ohio St.3d 298, 525 N.E.2d 783 (1988).  To grant a motion for summary judgment on the issue of bad faith in favor of the insurer, a court must find—having viewed the evidence in a light most favorable to the insured—that the claim was "fairly debatable" and that the insurer's refusal to pay was premised on a genuine dispute over either the status of the law at the time of denial or the facts that gave rise to the claim.  *Tokles & Sons, Inc. v. Midwestern Indem. Co.*, 65 Ohio St.3d 621, 630, 605 N.E.2d 936, 943 (1992), *overruled in part on other grounds by Zoppo v. Homestead Ins.*

5

*Co.*, 71 Ohio St.3d 552, 554, 644 N.E.2d 397, 399–400 (1994).[2] At issue is whether the insurer had "reasonable justification" for refusing the claim. *Zoppo*, 71 Ohio St.3d at 555.

### 1. Refusal of Coverage

Courts have found that where an insurer was legally justified in denying a claim, it cannot be bad faith to have denied coverage. *See, e.g.*, *Joseph v. State Farm Fire and Cas. Co.*, 2:11-cv-794, 2013 WL 663623, at *14 (S.D. Ohio Feb. 22, 2013) ("When the denial of benefits was legally correct under the terms of the applicable insurance policy, it cannot be found that the insurer's denial of benefits was arbitrary or capricious, or that a reasonable justification for the denial did not exist." (citations omitted)); *Broad v. North Pointe Ins. Co.*, No. 5:11CV2422, 2014 WL 1097925, at *10 (N.D. Ohio Mar. 19, 2014) ("Because North Pointe is entitled to summary judgment on plaintiff's breach of contract claim, it is also necessary to grant it summary judgment on the bad faith claim.).

This is true where the Court has determined that no coverage was owed because claimed losses are not supported by policy language or case law. For example, in *Penton Media, Inc. v. Affiliated FM Ins. Co.*, 245 Fed. App'x 495 (6th Cir. 2007), an insurance company denied coverage of a claim based on policy language. In affirming the grant of

---

[2] *Tokles* was not mentioned in *Zoppo*, nor was it specifically overruled. *Tokles* had applied an "intent" requirement, then good law by virtue of the Supreme Court of Ohio's ruling in *Motorists Mut. Ins. Co. v. Said*, 63 Ohio St.3d 690, 590 N.E.2d 1228 (1992). However, *Zoppo* specifically overruled *Said*. *Zoppo*, 71 Ohio St.3d 552, paragraph one of the syllabus. Nevertheless, *Tokles* also applied the "fairly debatable" test to determine what was "reasonably justified" in the bad faith context. Since *Zoppo*, state and federal courts (in both the Northern and Southern Districts) continue to cite *Tokles* for this principle, often, as here, in the summary judgment context. *Corbo Properties Ltd. v. Seneca Ins. Co., Inc.*, 771 F.Supp.2d 877, 880–81 (N.D. Ohio 2011) (collecting cases).

summary judgment to the insurer on a bad faith claim, the Sixth Circuit noted that the claim was denied because that the policy did not cover losses at certain locations. *Id.* at 502.

In its Order on the parties' cross-motions for partial summary judgment, the Court determined that Plaintiffs' three claimed losses were not covered under the policy. (Doc. 18 at 22). Specifically, the Court found that: (1) Plaintiffs' first claimed loss was not a covered loss under the Business Personal Property provision because there was no "direct physical loss of or damage to" purported cashier's checks; (2) Plaintiffs' second claimed loss was clearly excluded by the policy's "voluntary parting" provision; and (3) Plaintiffs' third claimed loss was not a covered loss because Plaintiffs had not presented evidence that their business activities underwent a partial or complete cessation or that they lost business income or incurred extra expense as a result direct physical loss of or damage to property at the described premises. (*Id.* at 15, 19, 22).

Defendant was legally justified in denying Plaintiffs' claims for coverage under the policy. Accordingly, the Court now finds, as a matter of law, that Defendant had reasonable justification to conclude that Plaintiffs claimed losses were not covered losses.

### 2. Request for Additional Discovery—Failure to Investigate

Plaintiffs argue that Defendant raised the adequacy of its investigation as a factual matter in its memorandum. Accordingly, Plaintiffs seek an opportunity to conduct discovery on that topic pursuant to Fed. R. Civ. P. 56(d).

Rule 56(d) establishes the procedure to be followed when a party concludes that additional discovery is necessary to respond to a motion for summary judgment:

7

> When Facts Are Unavailable to the Nonmovant.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The affidavit or declaration required by the rule must "indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode*, 886 F.2d 1391, 1393–94 (3d Cir.1989)).  A motion under Rule 56(d) may be properly denied where the requesting party "'makes only general and conclusory statements [in the supporting affidavit or declaration] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [information sought] to be discovered,'" *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir.1999)), or where the affidavit or declaration "lacks 'any details' or 'specificity.'" *Id.* (quoting *Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989)).  The importance of complying with the specific requirements of Rule 56(d) cannot be over-emphasized.  *See Cacevic*, 226 F.3d at 488.  Whether to grant a request for additional discovery falls within the trial court's discretion.  *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009).

8

In an affidavit, Plaintiffs' counsel explains that Plaintiffs seek discovery on whether Defendant "failed to properly investigate the claim." (Doc. 21-1 at ¶ 10).[3] The affidavit does not indicate what material facts Plaintiffs hope to uncover or how additional discovery might show that Defendant lacked reasonable justification for its denial of coverage.

Again, *Penton Media* is instructive. There, the insured argued that the insurer acted in bad faith in processing its claim because the insurer did not investigate the events surrounding the takeover of a proposed trade show space, interview employees at the space, or conduct a "site visit" of the space. *Penton Media, Inc.*, 245 Fed. App'x at 501. The Sixth Circuit distinguished the case from *Zoppo*, 644 N.E.2d 397, as follows:

> [I]n *Zoppo*, the matter insufficiently investigated by the insurer was identical to the basis on which the claim was ultimately denied. In this case, by contrast, the claim was denied on the basis that the policy did not cover losses at trade show locations of the type Penton alleged. As [the defendant] points out, none of the investigatory steps suggested by [the plaintiff] could have affected [the defendant's] conclusion[.]

*Penton Media, Inc.*, 245 Fed. App'x at 502. Because the insurer in *Penton Media* relied on the policy language, the Sixth Circuit found that additional investigatory steps by the insurer would not have changed the insurer's coverage decision, and the insurer's investigation did not raise a genuine issue of material fact regarding the defendant's good faith.

---

[3] Plaintiffs cite to the following statement, contained in Defendant's memorandum in support of its motion for summary judgment: "Significantly, this is not a matter where Travelers allegedly failed to investigate the claim. Failure to investigate cases often invite factual inquiries which, in some instances, can raise genuine issues of material fact." (Doc. 20 at 6).

9

Here, the Court does not know what facts Plaintiffs hope to uncover or how those facts would disturb its finding that Defendant's refusal to pay Plaintiffs' claims was supported by reasonable justification. Accordingly, the Court finds that additional discovery is not warranted.

### IV. CONCLUSION

Accordingly, for the foregoing reasons:

1. Plaintiffs' motion for an order amending the summary judgment decision (Doc. 19) is **DENIED**;

2. Defendant's motion for summary judgment on count three of the complaint (Doc. 20) is **GRANTED**; and

3. The Clerk shall enter judgment accordingly, whereupon this civil action is **CLOSED** in this Court, and the Court's Orders granting summary judgment in favor of Defendant (Docs. 18 and 25) are **final, appealable orders**.

**IT IS SO ORDERED**.

Date: 7/27/15 *s/ Timothy S. Black*
Timothy S. Black
United States District Judge